UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-5950** |
| **NIKKI PUJOL, ET AL** | **SECTION: "L" (4)** |

## ORDER

Before the Court is a **Motion for Leave to Amend Answer (R. Doc. 29)** filed by Defendant Eugene Fontenot seeking permission from the Court to amend his answer. The motion is opposed. R. Doc. 30. The motion was submitted on September 21, 2016.

### I. Background

This petition for interpleader was filed in the District Court on November 11, 2015 by Southern Farm Bureau Life Insurance Company ("Southern Farm") pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. R. Doc. 1. The petition names Nikki Pujol ("Pujol") and Eugene Fontenot ("Fontenot") as defendants/claimants. *Id.* at p. 1-2. Southern Farm states that in 2006 it issued a life insurance policy to Sherry Noisin Fontenot ("Ms. Fontenot") which named Pujol as the primary beneficiary and Fontenot as the contingent beneficiary. In 2007, Ms. Fontenot executed a beneficiary change request for the policy seeking to name Pujol and Fontenot as co-primary beneficiaries; however, Southern Farm never endorsed the beneficiary change although it did receive the request. *Id.* at p. 3. Because of this, Southern Farm alleges that the beneficiary change never took effect. In 2015, Ms. Fontenot died, and both Pujol and Fontenot submitted a claim for death benefits under the policy. *Id.* Given the competing claims to the policy benefits, Southern Farm filed this petition for interpleader. Defendant/Claimant Pujol has answered the

1

petition and filed a counter-claim for attorneys' fees and other expenses against Southern Farm. R. Doc. 6. Defendant/Claimant Fontenot also answered the petition. R. Doc. 7.

At this time, Fontenot has filed a motion for leave to file an amended answer. R. Doc. 29. Fontenot wishes to add "the defense of 'waiver'" to his answer based on Southern Farm's 30(b)(6) deposition, wherein Southern Farm allegedly stated it backdated and endorsed the beneficiary change request. R. Doc. 29-1, p. 1. In opposition, Southern Farm argues that the motion should be denied pursuant to Federal Rule of Civil Procedure 16, namely that the proposed amendment is untimely, unimportant, prejudicial to Southern Farm, and will cause unnecessary delay to the trial.

## II.     Standard of Review

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports,*

*LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 216647401, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003)). However, the Fifth Circuit has also clarified that when it comes to dealing with amendments concerning affirmative defenses:

> Generally, affirmative defenses must be presented in the answer. FED.R.CIV.P. 8(c)(1). Even so, if the defense is later presented "in a manner that does not result in unfair surprise[,] ... technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir.1983). The defense may be considered if it was raised "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id*. at 856.

*Bradberry v. Jefferson County*, 732 F.3d 540, 552 (5th Cir. 2013).

### III.  Analysis

Here, Fontenot seeks leave to file an amended answer complaint to add the following defense: "The plaintiff, Southern Farm Bureau has waived its rights to assert the recordation and/or endorsements it alleges to exist in the policy." R. Doc. 29-2, p. 1. As an initial matter, waiver is an affirmative defense listed in Federal Rule of Civil Procedure 8(c). As such, Fontenot's request to amend his answer should be granted as long as it does not result in "unfair surprise" and the motion was raised with "pragmatically sufficient time, and [the Plaintiff/Interpleader is] not prejudiced in its ability to respond." *Bradberry*, 732 F.3d at 552 (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir.1983)).

First, this amendment should not result in unfair surprise. In fact, the Southern Farm seems to acknowledge that the Court is going to deal with issues connected to the recordation/endorsement requirement. R. Doc. 30, p. 4. Given that, it should be no surprise that Fontenot would attempt to argue those provision were inapplicable or waived by Southern Farm. Second, this amendment comes at a pragmatically sufficient time so as to not prejudice Southern Farm in its ability to respond as there is still time for discovery. Moreover, there is likely no need for additional discovery. The issue of waiver appears to be largely a legal argument that should not require any additional facts or discovery that has not already been conducted. While Southern Farm raises prejudice claims arguing this affirmative defense is actually a counterclaim (R. Doc. 30, p. 4), Fontenot has not asserted a counterclaim against Southern Farm. As such, this Court finds that the amendment will not prejudice Southern Farm. Therefore, the amendment to assert the affirmative defense of waiver is allowed. The Amended Answer shall be filed in the record.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Leave to Amend Answer (R. Doc. 29) is GRANTED**.

New Orleans, Louisiana, this 21st day of September 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**