UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 15-5950 |
| PUJOL ET AL | SECTION "L" |

## ORDER AND REASONS

Before the Court are three Motions to Dismiss, one filed by Plaintiff-in-Interpleader Southern Farm Bureau Life Insurance Company ("SFBLI") (R. Doc. 31), one filed by Defendant-in-Interpleader Eugene M. Fontenot ("Fontenot") (R. Doc. 32), and one filed by Defendant-in-Interpleader Nikki Clement Pujol ("Pujol") (R. Doc. 34). On September 28, 2016, the Court heard oral argument from all parties on Fontenot's Motion. (R. Doc. 44). The Court has considered all Motions, Oppositions, Replies, Oral Argument, and applicable law and now issues this Order and Reasons.

### I. BACKGROUND

This interpleader action arises out of 20 Year Term Life Insurance policy with a $250,000.00 life benefit ("the Policy") issued to Sherry C. Noisin Fontenot ("the Decedent") by SFBLI on April 12, 2006.[1] In the Application for Insurance, the Decedent designated her daughter, Pujol, as the Primary Beneficiary, and her husband, Fontenot, as the Contingent Beneficiary. On July 15, 2007, the Decedent executed a Beneficiary Change Request ("BCR") for the Policy seeking to name Pujol and Fontenot as co-Primary Beneficiaries, with each to be

---

[1] The Policy was later reduced to $200,000, effective 12 October 2008.

entitled to 50% of the death benefit. Though SFBLI received this BCR on August 6, 2007, they never endorsed or recorded it as was required under their policy.

The Decedent died on September 16, 2015. Both Pujol and Fontenot submitted claims for death benefits under the Policy. Upon receiving both claims, SFBLI discovered the BCR in the Decedent's file, and, realizing that they had failed to process it, endorsed the form and backdated it to August 6, 2007. SFBLI then responded to Pujol's claim for benefits, notified her of the BCR, and enclosed a check in the amount of $99,957.03, representing the uncontested 50% of the death benefit. At some point, SFBLI concluded it could not legally endorse and record a BCR postmortem, and informed Pujol of their error. SFBLI also responded to Fontenot's claim for death benefits and notified him of the unprocessed BCR, but informed him that because the BCR was never recorded, Pujol remained the full beneficiary.

In separate correspondences, SFBLI informed Pujol and Fontenot that the agent servicing the Policy, Mandy Lagarde,[2] had discussed the Policy and the beneficiary designation of Pujol several times, yet the Decedent never indicated a desire to change the beneficiary. Ms. Fontenot also testified that she spoke to both of the Decedent's powers of attorney before her death, one of which was Fontenot. She informed both powers of attorney that Pujol was the sole beneficiary of the Policy, but neither took any steps to change the Policy. On November 26, 2015, SFBLI filed this interpleader, asking the Court to determine the rightful beneficiary of the remaining 50% of the death benefit under the Policy.

## II.   GROUNDS FOR INTERPLEADER

SFBLI is in receipt of competing claims to the remaining 50% of the death benefits payable under the Policy. Pujol's and Fontenot's claims are adverse as both parties claim to be

---

[2] Mandy Lagarde was not the servicing agent at the time the Decedent field the BCR, and did not receive the BCR in her file upon inheriting Decedent's case.

2

the rightful beneficiary. SFBLI admits the remainder of the death benefit is payable and claims no interest to it, but avers it is justifiably unsure as to which claimant is the correct beneficiary. The remaining death benefit, with accrued interest payable through the date of the filing of this action, totals $100,162.41. SFBLI alleges that unless the conflicting and adverse claims to the remainder of the death benefit are disposed of in a single proceeding, SFBLI may be subject to multiple litigations and at substantial risk of suffering duplicate or inconsistent rulings on liability for payment. SFBLI has deposited the remaining proceeds of the policy and accrued interest into the Registry of the Court. (R. Doc. 10).

On January 15, 2016, Defendant Pujol filed an answer to the interpleader claiming that she is the sole and rightful beneficiary to the proceeds of the Policy. (R. Doc. 6). Additionally, she filed counterclaims against SFBLI alleging that she is entitled to recover any and all expenses as a result of SFBLI's breach of contract. She argues that SFBLI's failure to pay her directly caused unnecessary expense including, but not limited to, attorney's fees for which SFBLI should be held liable.

On January 25, 2016, Defendant Fontenot filed an answer to the interpleader, and on September 21, 2016, Magistrate Judge Roby granted Fontenot's Motion for Leave to Amend Answer. (R. Doc. 40). Fontenot accordingly field an amended answer on the same day. (R. Doc. 41). In his answers, Fontenot claims he is the sole and rightful beneficiary to the proceeds of the policy. (R. Doc. 7 at 3). He also claims that SFBLI has waived its rights to assert the recordation and/or endorsement requirements it alleges to exist in the policy. (R. Doc. 41).

**III.   LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477

3

U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

**IV.   THE PRESENT MOTIONS**

    **A.   SFBLI's Motion for Summary Judgment**

        1.   <u>The Parties' Arguments</u>

SFBLI filed this Motion to Dismiss on September 13, 2016, seeking a judgment dismissing it with prejudice from this action and an order enjoining both Defendants from commencing any further action in any court regarding the Policy. (R. Doc. 31). SFBLI argues

that because it is a disinterested stakeholder, the Court has the authority to dismiss it from the case. *See*, *e.g.*, *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 195 (5th Cir. 2015) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed.)); *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006). Further, SFBLI has deposited the disputed funds into the registry of the court, and has no further interest in those funds. (R. Doc. 31-1 at 5). Therefore, under 28 USC §2361, dismissal for SFBLI is appropriate. *Id*.

A party is not disinterested if there are remaining claims against that party. In this case, Pujol filed a counter-claim against SFBLI for attorney's fees and expenses. SFBLI argues that her claims should not prevent SFBLI's dismissal because they fail as a matter of law. *Id*. Under Louisiana Law, the prevailing party is only entitled to attorney's fees if authorized by statute or contract. *See*, *e.g.*, *Killebrew v. Abbott Labs.,* 359 So. 2d 1275, 1278 (La. 1978). SFBLI avers that Pujol has cited no statutory authority, and the contract contains no provision, suggesting she is entitled to attorney's fees. (R. Doc. 31-1 at 5-6). Pujol did not oppose SFBLI's motion to dismiss.

SFBLI also seeks an order permanently enjoining Pujol and Fontenot from bringing further related proceedings, arguing that such injunction would protect SFBLI from double liability and would further the purpose of interpleader actions. *Id*. at 6. *See also*, 28 USC § 2361; *Guy v. Citizens Fid. Bank & Tr. Co.*, 429 F.2d 828 (6th Cir. 1970). Fontenot opposes this section of the motion and advises the Court of a pending petition in state court that asserts alternative claims contingent upon the resolution of the instant federal case. (R. Doc. 42 at 1-2). This state court case was recently removed to federal court, transferred to this Court, and consolidated with but bifurcated from the present action. *See Fontenot v. Lagarde et al*, Case # 2:16-cv-14728.

Further, Fontenot contends that SFBLI cites no authority supporting their request for injunction apart from a general contention that injunctions are proper. *Id*.

        2.    Analysis

While it is true that SFBLI may ultimately be a disinterested party, it is too early in the process to conclusively determine SFBLI's stake in the proceedings. SFBLI at oral argument admitted that the failure to process the BCR was due to their negligence. Further, as *Fontenot v. Lagarde* was recently consolidated with the present matter, and because SFBLI plays an integral role in that suit, dismissal of SFBLI is inappropriate at this time.

    B.    **Fontenot's Motion for Summary Judgment**

        1.    The Parties' Arguments

Defendant Fontenot filed this Motion for Summary Judgment on September 13, 2016. (R. Doc. 32). In his Motion, Fontenot puts forward three theories and argues that finding in his favor for any one of the three also necessitates a finding that Fontenot is the rightful beneficiary of the remaining 50% of the proceeds.

First, Fontenot argues that SFBLI, in belatedly endorsing the BCR, waived any denial to the Deceased's request to change the beneficiary. Specifically, they waived the technical recordation requirement when, after noticing that the deceased complied with the facial requirements, they belatedly endorsed and backdating the form. *Id*. at 7-8. Because the Policy's technical requirements are for the benefit of the insurer, the insurer can waive the requirements. *Bland v. Good Citizens Mut. Ben. Ass'n*, 64 So.2d 29 (1953). SFBLI's decision to endorse and backdate the BCR postmortem evidenced their intent to waive the technical requirements of endorsement and recordation. (R. Doc. 32-2 at 7-8). Fontenot argues the Court should apply equitable estopple to prevent SFBLI from asserting a position contrary to its decision to endorse and record the BCR.

Second, that SFBLI also waived a denial to the Deceased's request to change the beneficiary when they impleaded the funds. *Id*. at 9; *Sbisa v. Lazar*, 78 F.2d 77 (1935); *Bland* 64 So.2d; *Standard Life & Accident Insurance Co. v. Pylant*, 424 So.2d 377 (1982).

Finally, Fontenot argues that the Deceased strictly complied with the terms of the policy. (R. Doc. 32-2. at 10). "Louisiana require[s] strict compliance with the terms of the insurance contract to effect a change of beneficiary." *Am. Gen. Life Ins. Co. v. Fine*, 944 F.2d 232, 234 (5th Cir. 1991) (finding enforcement of a change of beneficiary request was not barred when the insured strictly complied with the terms of the contract, but remanding to answer whether the insured intended to change the beneficiary). There is no factual dispute that the Deceased strictly complied with the terms of the contract when she submitted the BCR in 2007. Whether SFBLI's internal policies failed after that point does not affect the effectiveness of her policy change. (R. Doc. 32-2 at 11). Therefore, the BCR should be effected and Fontenot should receive the disputed 50% of the funds.

Because no factual disputes exist, Defendant Fontenot asks the Court to find that he is entitled to summary judgment as a matter of law.

Plaintiff SFBLI answered the Motion simply to assert its position as a disinterested stakeholder. (R. Doc. 38). SFBLI clarifies that it does not challenge the effectiveness of the deceased's BCR, but rather seeks to have the Court determine the rightful recipient of the funds. *Id*. at 4-6. Further, SFBLI contends that it did not waive any right because it did not take any position regarding the effectiveness of the BCR. *See Steptore v Mascoo Constr. Co.*, 643 So.2d 1213, 1216 ("Waiver is generally understood to be the intentional relinquishment of a known right, power, or privilege.").

Defendant Pujol also answered the Motion, arguing that under the terms of the policy, the deceased's change was not endorsed and recorded, and therefore should not be put into effect postmortem. (R. Doc. 39). She points out that the Deceased discussed the Policy's beneficiary with her representative several times after submitting the BCR, was informed that Pujol was the sole beneficiary, and never made any further attempt or request to change the beneficiary. *Id*. at 1-2; Lagarde depo. Fontenot, too, was informed of the Policy's beneficiary and took no steps to change it. *Id*.

Pujol distinguishes the cases cited by Fontenot, arguing that those cases involve decisions by insurance companies to accept BCRs that contained errors. The waivers were pre-mortem and intentional. *Id*. at 6. Pujol disagrees that *Bland* stands for the proposition that an insurer's filing of interpleader constitutes a waiver of all requirements to change ones beneficiary. *Id*. at 4. She also argues that because she was the rightful owner of the funds at the time of the action, she is the only party who can legally raise the issue of a waiver. *Id*. at 7. Pujol further disagrees that the Fifth Circuit has found the filing of an interpleader to be a per se waiver; the holding was specific to the facts in that case. *Id*. at 8. Finally, Pujol argues that neither Fontenot nor the deceased substantially complied with the terms of the Policy because they both *knew* the change had not taken place and did nothing to rectify that failure. Therefore, intent is not clear and the Decedent did not strictly comply. *Id*. at 10-11.

    2.    <u>Analysis</u>

This Court agrees with Pujol that a question of fact remains regarding the Decedent's intent. In *Am. Gen. Life Ins. Co. v. Fine*, the Fifth Circuit reversed and remanded the District Court's order, finding summary judgment inappropriate because an issue of fact as to the decedent's intent remained. 944 F.2d 232. Louisiana law "requires strict compliance by the insured with the policy requirements," however "the burden of proving that the form is valid

rests upon the party whose claim arises under that form." *Id*. at 235. In *Fine*, the court found that although the sons, who rested their claim on the disputed form, proved that their father signed the form, Mrs. Fine raised a legitimate question of intent, which is a factual issue to be determined by the finder of fact and inappropriate for summary judgment. *Id*.

While the facts of the instant case are distinct from *Fine*, the cases are similar in that Fontenot seeks to recover under a contested BCR, and Pujol in turn raises the issue of the Decedent's intent in filing that BCR. There is no dispute that the Decedent filed the BCR form, which suggests she intended to change the beneficiary of the Policy. However, while SFBLI can offer no explanation as to why the form was not endorsed and recorded, Ms. Lagarde's testimony about her later conversations with the Decedent and with Fontenot raise questions about the Decedent's intent. The Decedent and Fontenot both knew that Pujol was the Policy's sole beneficiary, and neither made any attempt to effect a change of beneficiary to include Fontenot. Accordingly, a legitimate factual question remains concerning the Decedent's intent to change her beneficiary.

      C.      **Pujol's Motion for Summary Judgment**

            1.      The Parties' Arguments

Defendant Pujol argues that summary judgment should be awarded in her favor because the terms of the contract were clear, and at the time of the Decedent's death, Pujol was the sole beneficiary of the Policy. (R. Doc. 34-1). Pujol contends that insurance policies are contracts and should be analyzed according to principles of contract law. *Smith v. Matthews*, 611 So.2d 1377 (La. 1993). Contracts that are clear and unambiguous must be enforced as written. *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co*., 630 So. 2d 759 (La. 1994). However, if there is a disagreement regarding the terms of the contract, the Court must determine the common intent of the parties. *Id*.; La. Civ. Code 2047. If the terms are clear and explicit, they must be enforced as

written and "no further interpretation may be made in search of the parties' intent." La. Civ. Code 2046.

Pujol argues that there is no dispute as to the intent of the contract in this case. The contract states that amendments will be made by endorsement, and the change of beneficiary for which the Decedent applied was never endorsed or recorded. (R. Doc. 34-1 at 3-4). A representative from SFBLI testified that the changes were never accepted, endorsed, or reviewed prior to the Decedent's death. *Id*. at 4. Under the contract, the Policy cannot be altered or amended without SFBLI's endorsement and recording. Accordingly, under the terms of the contract, Pujol was the sole beneficiary at the time of the Decedent's death.

Fontenot opposes Pujol's Motion, adopting the arguments made in his own Motion for Summary Judgment. (R. Doc. 43).

    2.    <u>Analysis</u>

Pujol's Motion is also affected by the remaining issue of fact: the Decedent's intent. Accordingly, as discussed above, summary judgment is inappropriate at this time.

**V.    CONCLUSION**

For the foregoing reasons, the Motions for Summary Judgment (R. Docs. 31, 32 and 34) are hereby **DENIED**.

New Orleans, Louisiana, this 26th day of October, 2016.

                                            United States District Court Judge